UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAY OGDEN,<br>TDCJ No. 02179313,<br><br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. SA-22-CA-0619-JKP |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Ray Ogden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 6).  In his § 2254 petition, Petitioner challenges the constitutionality of his 2017 state court conviction for indecency with a child, arguing (1) his trial counsel rendered ineffective assistance prior to his decision to plead guilty, (2) the State failed to disclose that the victim recanted her outcry statement, and (3) counsel failed to enter evidence of the victim's promiscuous behavior at the punishment phase.  In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).  Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Procedural History

In September 2015, Petitioner was indicted in Bexar County, Texas, on one count of kidnapping and three counts of indecency with a child by contact. (ECF No. 5-1 at 5). In exchange for the State dropping three of the four charges and capping the maximum punishment at ten years, Petitioner plead no contest to one count of indecency with a child (habitual). (ECF No. 5-1 at 93-98). After a separate punishment hearing, Petitioner was sentenced to ten years of imprisonment. *State v. Ogden*, No. 2015CR9723 (186th Dist. Ct., Bexar Cnty., Tex. Jan. 19, 2018); (ECF No. 5-1 at 101-02). The Fourth Court of Appeals dismissed Petitioner's subsequent appeal because he waived the right to appeal as part of the plea bargain agreement. *Ogden v. State*, No. 04-20-00431-CR, 2020 WL 6597548 (Tex. App.—San Antonio, Nov. 12, 2020, no pet.); (ECF No. 5-3). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[1]

During the pendency of his direct appeal proceeding, Petitioner also filed a state habeas corpus application challenging the constitutionality of his conviction and sentence. *Ex parte Ogden*, No. 91,532-01 (Tex. Crim. App.); (ECF No. 5-13 at 4-22). The Texas Court of Criminal Appeals denied the application without written order on September 16, 2020. (ECF No. 5-6). Following the dismissal of his direct appeal, Petitioner filed a second state habeas application challenging his conviction and sentence on December 7, 2021. *Ex parte Ogden*, No. 91,532-02 (Tex. Crim. App.); (ECF No. 5-16 at 21). The Texas Court of Criminal Appeals ultimately dismissed this second application as a successive petition on January 19, 2022, citing Tex. Code. Crim. Proc. Art. 11.07, Sec. 4. (ECF No. 5-15). Thereafter, Petitioner filed the instant federal habeas petition with this Court on June 13, 2022. (ECF No. 1).

---

[1] *See* http://www.search.txcourts.gov, search for "Ogden, Ray" last visited October 4, 2022.

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final Monday, December 14, 2020, when the time for filing a PDR with the Texas Court of Criminal Appeals expired.[2] *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on December 14, 2021.

Petitioner did not file his § 2254 petition until June 13, 2022—six months after the limitations period expired. Thus, his petition is barred by AEDPA's one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.   Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that

---

[2]   Because the thirtieth day was a Saturday, Petitioner's convictions became final the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

3

violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the instant conviction by filing two *pro se* state habeas applications. Petitioner's second application—filed on December 7, 2021, and later dismissed as successive by the Texas Court of Criminal Appeals on January 19, 2022—tolled the limitations period for a total of 44 days, making Petitioner's federal petition due January 27, 2022.[3] Again, he did not file the instant § 2254 petition until June 13, 2022, still four-and-a-half months late.

**B.**     **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

---

[3]     The first application—filed by Petitioner in September 2019 and denied by the Texas Court of Criminal Appeals a year later in September 2020—has no effect on the limitations period because it was litigated entirely before the federal limitations period began in December 2020.

Petitioner has not replied to Respondent's answer asserting the time bar, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's direct appeal of his conviction was dismissed by the intermediate court of appeals in November 2020, yet Petitioner waited until December 2021 to file his second state habeas corpus application challenging his conviction and sentence. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited another five months after the Texas Court of Criminal Appeals dismissed his second state habeas application in January 2022 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing

deadline by over four months and provided no reasonable justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Ray Ogden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 4th day of October, 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**